Lisa Milas, Esq.
Rosicki, Rosicki & Associates, P.C.
Main Office: 51 East Bethpage Road
Plainview, New York 11803
516-741-2585

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

Hearing Date: September 7, 2010  
Hearing Time: 10:00 AM

-------------------------------------------------X

In re:

    Kenia B. Garcia,

                      Debtor.

CASE NO.: 10-22893 rdd

Chapter: 7

-------------------------------------------------X

## NOTICE OF MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(4)

SIRS:

**PLEASE TAKE NOTICE** that U.S. Bank National Association, as Trustee, on behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2006-HE4 Asset Backed Pass-Through Certificates, Series NC 2006-HE4 ("Movant") seeks relief from the automatic stay as to the property located at 115N 4th Street, Colton, CA 92324, (the "Premises") and will move before the Honorable Robert D. Drain, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York located at 300 Quarrapos Street, White Plains, NY 10601, Courtroom 118 on September 7, 2010 at 10:00 AM, or as soon thereafter as counsel may be heard, for an Order:

1. Pursuant to Bankruptcy Rule 4001 and 11 U.S.C. 105(a) and 362(d)(1) and (d)(2); granting Movant, its agents or assigns, relief from the automatic stay, to complete the foreclosure and/or eviction proceedings with respect to the Premises; and

2. Pursuant to 11 U.S.C. 362(d) granting relief from the automatic stay and pursuant to 11 U.S.C.362 (d)(4) and Section 105(a) determining that any subsequent filing by any person or entity with an interest in the Premises shall not operate as an automatic stay against Movant's, its

successors or assigns, rights to proceed with a foreclosure and/or eviction proceeding with regard to the Premises for a period of 2 years; and

3. Granting Movant such other and further relief as is just and proper.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon, the undersigned counsel for the Movant seven (7) days prior to the return date of the within Motion.

Dated: August 2, 2010
      Plainview, New York

Respectfully submitted,

*(signature)*

ROSICKI, ROSICKI & ASSOCIATES, P.C.
By: Lisa Milas, Esq.
Attorneys for Movant
Main Office: 51 East Bethpage Road
Plainview, NY 11803
516-741-2585

To:

Kenia B. Garcia
Pro Se Debtor
95 Riverdale Avenue
Apartment B649
Yonkers, NY 10701

Sandra Esparza
115 N 4th Street
Colton, CA 92324

Patricia D. Heck
5 E. Salisbury Drive
Wilmington, DE 19809

Jose F Landera
1153 SW 131 Ave.
Miami, FL 33184

Patricia L Cordero, Esq.
198 NW 37 Ave.
Miami, FL 33215

Betty Duck
9 Allandale Dr.
Apt. J6
Newark, DE 19713

Ida Brown Carter
P.O. Box 1802
Dallas, GA 30132

Josiane Amay
PO Box 1683
Orange, NJ 07051

Janina Therese Kokorowski
613 3C Salazar St.
Santa Fe, NM 87505

Mark S. Tulis, Esq.
Trustee
Oxman Tulis Kirkpatrick Whyatt & Geiger
120 Bloomingdale Road
White Plains, NY 10605

United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:

    Kenia B. Garcia,

                            DEBTOR.

CASE NO.: 10-22893 rdd

Chapter: 7

JUDGE: ROBERT D. DRAIN

-----------------------------------------------------------X

## ORDER GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "Motion") of U.S. Bank National Association, as Trustee, on behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2006-HE4 Asset Backed Pass-Through Certificates, Series NC 2006-HE4, (a) pursuant to 11 U.S.C. § 362(d)(, from the automatic stay imposed in this case under 11 U.S.C. § 362(a) as to Movant's interest in real property commonly known as 115N 4th Street, Colton, CA 92324, APN # 0162-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 (the "Property"), and (b) pursuant to 11 U.S.C. § 362(d)(4)(B) and 11 U.S.C. § 105(a), for *in rem* relief from the automatic stay imposed in subsequent cases under 11 U.S.C. § 362(a), such that any and all future filings under the Bankruptcy Code during the next two years by the debtor herein Kenia B. Garcia (the "Debtor"), the Mortgagor Sandra Esparza or any other person or entity with an interest in the Property shall not operate as a stay as to Movant's enforcement of its rights in and to the Property; and, after due and sufficient service and notice, the Court having held a hearing on the Motion on September 7, 2010; and no opposition having been submitted; and, after due deliberation, the Court having determined that the filing of the Debtor's bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that has involved multiple bankruptcy filings affecting the Property; it is

**ORDERED** that the automatic stay under 11 U.S.C. § 362(a) is vacated under 11 U.S.C. § 362(d)(1) as to Movant's interest in the Property, to permit Movant to pursue its rights in and remedies in and to the Property; and it is further

**ORDERED** that, under 11 U.S.C. § 362(d)(4) and 11 U.S.C. § 105(a), and <u>provided</u> that this order is recorded in conformity therewith, this order terminating the automatic stay under 11 U.S.C. § 362(a) as to Movant's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two years after the date of this order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to Movant's interest in the Property.

Dated: White Plains, New York
        , 2010

                                       Hon. Robert D. Drain
                                       U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE:                                    CASE NO.: 10-22893 rdd
    Kenia B. Garcia,                     Chapter: 7
                    DEBTOR.    JUDGE: ROBERT D. DRAIN
------------------------------------------------------------X

**APPLICATION IN SUPPORT OF IN REM RELIEF FROM THE
AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(4) AND/OR
IN THE ALTERNATIVE FOR AN ORDER GRANTING
<u>RELIEF FROM AUTOMATIC STAY WITH PREJUDICE</u>**

TO:   **THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:**

The Application of U.S. Bank National Association, as Trustee, on behalf of the Holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC 2006-HE4 Asset Backed Pass-Through Certificates, Series NC 2006-HE4 ("Movant"), by its attorneys, Rosicki, Rosicki & Associates, P.C., respectfully represents and says:

Lisa Milas, Esq., an attorney at law duly admitted to practice before this Court and the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

I.    **RELIEF REQUESTED**

1. This is a contested matter brought pursuant to Federal Rules of Bankruptcy Procedure Rules 4001, 9013 and 9014 and Sections 361, 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), for an Order: (i) pursuant to Bankruptcy Rule 4001 and 11 U.S.C. 105(a) and 362(d) granting relief from the Automatic Stay as property located at 115N 4th Street, Colton CA 92324 (the "Premises") and; (ii) pursuant to 362 (d)(4) and/or 105(a) terminating the automatic stay so that any subsequent filing by any person or entity with interest in the Premises shall not operate against Movant's, its successors or assigns, rights to proceed with a foreclosure and/or eviction proceeding with regard to the Premises for a period of two years,; and (iii)

granting Movant such other and further relief as is just and proper under the circumstances of this case.

2. Movant is the holder, by assignment, of a Note and Mortgage dated February 9, 2006 given by Sandra Esparza. A copy of the Note and Mortgage are annexed hereto as Exhibit "A". Ms. Esparza defaulted on payments and Movant seeks relief from the Automatic Stay in order to complete a foreclosure and/or eviction proceeding.

## II. BACKGROUND

3. Ms. Esparza by deed dated July 1, 2008 conveyed a one percent interest in the Premises to Patricia Hecker and herself. Based upon information provided to Movant a sale of the concerned Premises was duly noticed for August 6, 2008. On July 16, 2008, Patricia Heck filed a Chapter 7 Petition under case number. 08-11491 bls in Delaware. As of a result of the bankruptcy filing, Movant cancelled the sale of the property scheduled for August 6, 2008. During the pendency of the bankruptcy Movant requested and received relief from the Automatic Stay. The case was terminated on November 9, 2009. A copy of the PACER Docket, Motion for Relief and Order Granting Relief from Stay are annexed hereto as Exhibit "B".

4. Based on information provided by the Movant, a sale of the Premises was rescheduled for November 3, 2008. Ms. Esparza by deed dated October 28, 2008 conveyed a one percent interest in the Premises to Jose Landeras and Sandra Esparza. Subsequently, Jose Landeras filed a Chapter 7 Petition on October 29, 2008 in the Southern District of Miami under case number 08-26196 lmi. As a result of the filing, the sale scheduled for November 3, 2008 was cancelled. The case was terminated on May 14, 2009 and Movant proceed with the sale. A copy of the Grant Deed and PACER docket report from are annexed hereto as Exhibit "C".

5. Based on information provided by the Movant, a sale of the Premises was rescheduled for March 23, 2009. That on or about January 6, 2009, the Ms. Esparza deeded a one percent in

the Premises to Betty Ducks and Sandra Esparza. On January 12, 2009, Betty Ducks filed bankruptcy in the Southern District of Miami, Case No. 09-10093 css. The sale of the property scheduled for March 23, 2009 was cancelled as a result of the bankruptcy filing. The case was terminated on April 4, 2009. Copies of the Grant Deed and PACER docket report from are annexed hereto as Exhibit "D".

6. Based on information provided by the Movant, a sale of the Premises was rescheduled for December 17, 2009. That on or about July 2, 2009, Ms. Eaparza deeded a one percent interest in the Premises to Ida Brown Carter and Sandra Esparza. On July 8, 2009, Ida Brown Cater filed bankruptcy in the Northern District of Georgia, Case No. 09-42725 psb. The sale set for July 17, 2009 was cancelled. The case was terminated on October 29, 2009. Copies of the Grant Deed and PACER Docket are annexed hereto as Exhibit "E".

7. Based on information provided by the Movant, a sale of the Premises was rescheduled for December 19, 2009. That on or about December 2, 2009, Ms. Esparza deeded a one percent interest in the Premises to Josiane Amay and Sandra Esparza. On December 12, 2009, Josiane Amay filed bankruptcy in the New Jersey, Case No. 09-43013. Movant filed a Motion for Relief from the Automatic Stay in the District of New Jersey which was granted by the Court. Copies of the Grant Deed, PACER Docket, Motion and Relief Order are annexed hereto as Exhibit "F".

8. Based on information provided by the Movant, a sale of the Premises was rescheduled for February 25, 2010. On February 2, 2010, Ms. Esparza deeded a one percent in the Premises to Janina T. Kokorowski and Sandra Esparza. On February 4, 2010 Jannia T. Kokorowski filed a bankruptcy petition in the New Mexico under Case No. 10-10459. The case was terminated on May 17, 2010. Copies of the Grant Deed and PACER docket report from are annexed hereto as Exhibit "G".

9. Based on information provided by the Movant, a sale of the Premises was rescheduled for May 20, 2010. On May 6, 2010, Ms. Esparza deeded a one percent in the Premises to Kenia B. Garcia and Sandra Esparza. Kenia B. Garcia filed the instant bankruptcy petition. A copy of the GRANT Deed is annexed hereto as Exhibit "H".

10. As required by S.D.N.Y Administrative Order # 347, and pursuant to Local Bankruptcy Rule 4001-1 and 4001-2, the completed Motion for Relief Worksheet and Declaration is annexed hereto as Exhibit "I". As fully set forth in the Worksheet the debtor remains contractually due for thirty seven payments.

## IV. IN REM RELIEF FROM THE AUTOMATIC STAY SHOULD BE GRANTED PURSUANT TO 11 USC SECTION 362(d)(4)

11. It is based on the foregoing facts that Movant asks this Court in accordance with Section 362(d) to grant relief from the automatic stay for cause and determine pursuant to 362(d)(4) and/or 105(a) that any subsequent filing by any person or entity with an interest in the Premises shall not operate as an automatic stay against Movant's, its successors or assigns, rights to proceed with a foreclosure and/or eviction proceeding with regard to the Premises for a period of 2 years;

Dated: August 2, 2010
      Plainview, New York

Respectfully submitted,

ROSICKI, ROSICKI & ASSOCIATES, P.C.
By: Lisa Milas, Esq.
Attorneys for Movant
Main Office: 51 East Bethpage Road
Plainview, NY 11803
516-741-2585